# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                 Case No.: 8:18-cr-465-WFJ-AEP

LARRADA SIERRA ALTEMAR

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Larrada Sierra Altemar, USM#: 71220-018, moves (Dkt. 150) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 7, 2019, Larrada Sierra Altemar was sentenced to 120 months under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Larrada Sierra Altemar's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Altemar's advisory sentencing range was 135-168 months, and he received a sentence below the guidelines based on a downward variance. The Court varied downward to avoid unwarranted

sentencing disparities among defendants.[1]  The Bureau of Prisons reports that his projected release is May 9, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Larrada Sierra Altemar is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.  The Federal Defender appears, confirms Larrada Sierra Altemar's eligibility for a reduction, and moves unopposed to reduce his sentence to 108 months (a 12-month reduction in sentence), which is the bottom of the amended guidelines range.

The Court exercises its discretion to deny such a reduction.  The Court finds Defendant would remain a danger to the safety of others and to the community if released from prison given the nature and circumstances of his offense. Defendant's offense involved a vast amount of cocaine—570 kilograms.  Dkt. 64 ¶

---

[1] Co-defendant Juan Andres Julio Cardales also received 120 months but was granted a 5K1 for substantial assistance. The remaining co-defendant, Yovanny Hernandez Severino received 210 months but was found ineligible with criminal history points and no status points.

20. The United States Coast Guard seized the cocaine only after using disabling fire to stop the go-fast vessel on which Defendant was a crew member. *Id*. ¶¶ 14–15. The three Defendants had jettisoned bales into the water, and the Coast Guard recovered 19 bales of cocaine from the debris field. *Id*. ¶ 15.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and the Court finds those factors weigh against a reduction in sentence. Defendant's offense involved a significant amount of cocaine. Dkt. 64 ¶ 20. The offense carried a ten-year mandatory minimum sentence, and Defendant's guideline imprisonment range was 135 to 168 months. *Id*. ¶¶ 59–60. Defendant was sentenced below this range because the Court granted the Defendant's oral request for a downward variance. Dkts. 71, 75. Finally, Defendant is a Colombian citizen with an unresolved ICE detainer.

Mr. Larrada Sierra Altemar's motion (Dkt. 150) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on July 24, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

4